Ira M. Siegel, Cal. State Bar No. 78142
email address: irasiegel@earthlink.net
LAW OFFICES OF IRA M. SIEGEL
433 N. Camden Drive, Suite 970
Beverly Hills, California 90210-4426
Tel:  310-435-7656
Fax:  310-657-2187

Attorney for Plaintiff New Sensations, Inc.   E-filing

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CV 10   5864

| | |
|---|---|
| New Sensations, Inc., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> DOES 1-1768, <br><br> Defendants. | CASE NO. _____ <br><br> COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES AND PROFITS FOR COPYRIGHT INFRINGEMENT; AND DEMAND FOR JURY TRIAL |

Plaintiff New Sensations, Inc. (sometimes referred to herein as "Plaintiff") for its First Amended Complaint against Defendants Doe 1 through Doe 1768 (sometimes referred to herein collectively as "Defendants") alleges as set forth below.

**NATURE OF THE CLAIM, JURISDICTION AND VENUE**

1.  This is an action for copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 etc. Jurisdiction of this Court over this action is conferred by 28 U.S.C. § 1338(a).

2.  Venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a). Although the true identity of each Defendant is unknown to the Plaintiff at this time, on information and belief, each Defendant may be found in this District, and/or the acts complained
Complaint                                         1

of herein occurred and/or have a significant effect within this District. Therefore, venue in this Court is proper in accordance with 28 U.S.C. §§ 1391(b) and 1400(a).

### INTRADISTRICT ASSIGNMENT

3. This is an intellectual property action and is therefore exempt from the requirements of Civil Local Rule 3-2(c).

### THE PARTIES

4. Plaintiff New Sensations, Inc. is a corporation duly formed and existing under the laws of California, and has a principal place of business at 21345 Lassen Street, Chatsworth, California 91311.

5. The true names of Defendants are unknown to the Plaintiff at this time. Each Defendant is known to Plaintiff only by the Internet Protocol ("IP") address assigned to that Defendant by his, her or its Internet Service Provider on the date and at the time at which the infringing activity of each Defendant was observed. The IP address of each Defendant, together with the date and time at which his, her or its infringing activity was observed, is included on **Exhibit A** which is attached hereto. On information and belief, Plaintiff states that information obtained in discovery will lead to the identification of each Defendant's true name and address, and permit Plaintiff to amend this Complaint to state the same.

### COUNT I

### *COPYRIGHT INFRINGEMENTS UNDER 17 U.S.C. §§ 101 ETC.*

6. Plaintiff repeats and reincorporates herein the allegations set forth in paragraphs 1-5 above.

7. Plaintiff is a motion picture production company. Plaintiff is, and at all relevant times has been, the owner of the copyrights and/or the owner of the exclusive rights under the copyrights in the United States in the motion picture titled "Sex and the City: The Original XXX Parody" (the "Motion Picture").

8. The Motion Picture is an original work that may be copyrighted under United States law. The Motion Picture is the subject of a valid Certificate of Registration issued by the United States Copyright Office, that is Copyright Registration No. PA 1-703-456 (also listed in

Complaint 2

1 United States Copyright Office records as Registration Number PA0001703456), dated
2 September 27, 2010, and Plaintiff owns that registration.. The title of the Motion Picture and its
3 copyright registration number are included in **Exhibit A**.

4     9. Plaintiff has either published or licensed for publication all copies of the Motion
5 Picture in compliance with the copyright laws.

6     10. **Exhibit A** identifies, on a Defendant-by-Defendant basis (one Defendant per
7 row), the copyrighted motion picture, and the registration number of the copyright for that
8 motion picture, that each Defendant has, without the permission or consent of the Plaintiff,
9 reproduced and distributed to the public. That is, each Defendant listed in **Exhibit A** has,
10 without permission or consent of Plaintiff, reproduced and distributed to the public at least a
11 substantial portion of Plaintiff's copyrighted work that is listed in the same row as the identifier
12 for that Defendant (i.e., Plaintiff's copyrighted Motion Picture). **Exhibit A** also sets out the
13 Internet Protocol ("IP") address associated with each Defendant, the identity of the Internet
14 Service Provider (often referred to as an "ISP") associated with the IP address, the last-observed
15 date and time ("Timestamp") that the infringement by that Defendant of Plaintiff's copyright in
16 the Motion Picture was observed, and the software protocol used by the Defendant. Further in
17 this regard, Plaintiff is informed and believes that each of the Defendants, without the permission
18 or consent of Plaintiff, has used, and continues to use, an online media distribution system
19 (sometimes referred to as a "peer to peer" network or a "P2P" network) to reproduce at least one
20 copy of the Motion Picture, and to distribute to the public, including by making available for
21 distribution to others, copies of the Motion Picture. In doing so, each Defendant has violated,
22 and continues to violate, Plaintiff's exclusive rights of reproduction and distribution under . Each
23 Defendant's actions constitute infringement of the Plaintiff's exclusive rights in the Motion
24 Picture protected under the Copyright Act of 1976 (17 U.S.C. § 101 et seq.), including under 17
25 U.S.C. § 106(1) and (3). Each Defendant has infringed Plaintiff's copyrights in the motion
26 picture titled "Sex and the City: The Original XXX Parody," which is the subject of Plaintiff's
27 Copyright Registration No. PA 1-703-456.
28

11. Each Defendant has acted in cooperation with the other Defendants by agreeing to provide, and actually providing, on a P2P network an infringing reproduction of at least substantial portions of Plaintiff's copyrighted Motion Picture, in anticipation of the other Defendants doing likewise with respect to that work and/or other works.

12. Each of the Defendant's acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

13. Plaintiff has suffered both money damages and irreparable harm as a result of each Defendant's infringement of Plaintiff's copyrights in the Motion Picture. In addition, discovery may disclose that one or more of the Defendants obtained profits as a result of such infringement.

14. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504, and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

15. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, the Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyrights and ordering that each Defendant destroy all copies of the copyrighted motion pictures made in violation of the Plaintiffs' copyrights.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff requests that the Court enter judgment against each Defendant as follows:

A. For a judgment that such Defendant has infringed Plaintiff's copyright in the Motion Picture;

B. For entry of preliminary and permanent injunctions providing that such Defendant shall be enjoined from directly or indirectly infringing the Plaintiffs' rights in the Motion Picture, including without limitation by using the Internet to reproduce or copy the Motion Picture, to distribute the Motion Picture, or to make the Motion Picture available for

1 distribution to anyone, except pursuant to a lawful license or with the express authority of
2 Plaintiffs;

3     C.     For entry of preliminary and permanent mandatory injunctions providing that
4 such Defendant shall destroy all copies of the Motion Picture that Defendant has downloaded
5 onto any computer hard drive or server without Plaintiff's authorization and shall destroy all
6 copies of the Motion Picture transferred onto any physical medium or device in Defendant's
7 possession, custody, or control;

8     D.     For entry of judgment that such Defendant shall pay actual damages and profits,
9 or statutory damages, pursuant to 17 U.S.C. § 504, at the election of Plaintiff;

10     E.     For entry of judgment that such Defendant shall pay Plaintiff's costs;

11     F.     For entry of judgment that such Defendant shall pay Plaintiff's reasonable
12 attorney fees; and

13     G.     For entry of judgment that Plaintiff have such other relief as justice may require
14 and/or as otherwise deemed just and proper by this Court.

Respectfully submitted,

*/s/ Ira M. Siegel*

Date: December 22, 2010

Ira M. Siegel, Cal. State Bar No. 78142
email address: irasiegel@earthlink.net
LAW OFFICES OF IRA M. SIEGEL
433 N. Camden Drive, Suite 970
Beverly Hills, California 90210-4426
Tel:    310-435-7656
Fax:   310-657-2187

Attorney for Plaintiff New Sensations, Inc.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

*[signature: Ira M. Siegel]*

Date: December 22, 2010

Ira M. Siegel, Cal. State Bar No. 78142
email address: irasiegel@earthlink.net
LAW OFFICES OF IRA M. SIEGEL
433 N. Camden Drive, Suite 970
Beverly Hills, California 90210-4426
Tel:   310-435-7656
Fax:   310-657-2187

Attorney for Plaintiff New Sensations, Inc.