1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NEW SENSATIONS, INC., | **Case No.: 10-CV-5864-PSG** |
| Plaintiff, | **ORDER GRANTING-IN-PART** |
| v. | **MOTION FOR LEAVE TO TAKE** |
| | **LIMITED DISCOVERY PRIOR TO** |
| DOES 1-1768, | **RULE 26(F) CONFERENCE** |
| Defendants. | **(Re: Docket No. 7)** |

On December 23, 2010, Plaintiff New Sensations, Inc. ("New Sensations") filed this

lawsuit for copyright infringement against 1,768 separate "Doe" Defendants.  Ordinarily, Fed. R.

Civ. P. 26(d)(1) precludes discovery before the conference required under the Fed. R. Civ. P. 26(f).

Pursuant to the court's scheduling order, the parties were to have met as required by Fed. R. Civ. P.

26(f) no later than March 1, 2011.  That meeting has not taken place, and New Sensations now

moves for leave to take discovery in advance of the meeting required by Fed. R. Civ. P. 26(f).

New Sensations specifically seeks leave to serve subpoenas on several enumerated ISPs to obtain

the true identities of Doe Defendants for purpose of service in accordance with Fed. R. Civ. P. 4.

New Sensations' motion raises the same issues as those recently addressed by the court in

response to a near identical motion for leave to take expedited discovery in *Diabolic Video*

*Productions, Inc. v. Does 1-2099.*[1]  There, the court granted leave to take expedited discovery, but only as to Doe 1.  As to Does 2 through 2,099, the court severed Does 2 through 2,099 and ordered the claims against Does 2 through 2,099 reassigned to an Article III judge.  The court further recommended that the claims against Does 2 through 2,099 be dismissed without prejudice and, if refiled within 20 days, deemed continuation of the original action for purposes of the statute of limitations.

The court sees no reason to treat New Sensations' motion in this case any differently.  Accordingly, New Sensations' motion therefore is GRANTED, but only as to Doe 1 and as follows.

IT IS HEREBY ORDERED that New Sensations is allowed to serve immediate discovery on Doe 1's ISP listed in Exhibit A to the Complaint by serving a Rule 45 subpoena that seeks information sufficient to identify Doe 1, including the name, addresses, telephone numbers, and email addresses of Doe 1.  New Sensations' counsel shall issue its subpoena in substantially the same form as the example attached as Exhibit 1 to New Sensations' Ex Parte Application for Leave to Take Limited Discovery Prior to a Rule 26 Conference, and shall include a copy of this order.

IT IS FURTHER ORDERED that the ISP will have 30 days from the date of service upon it to serve Doe 1 with a copy of the subpoena and a copy of this order. The ISP may serve Doe 1 using any reasonable means, including written notice sent to Doe 1's last known address, transmitted either by first-class mail or via overnight service.  The ISP and Doe 1 each shall have 30 days from the date of service to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena).  If that 30-day period lapses without Doe 1 or the ISP contesting the subpoena, the ISP shall have 10 days to produce to New Sensations the information responsive to the subpoena with respect to Doe 1.

IT IS FURTHER ORDERED that the ISP shall not assess any charge to New Sensations in advance of providing the information requested in the subpoena, and that the ISP that receives a

---

[1] *See Diabolic Video Productions, Inc. v. Does 1-2099*, No. 5:10-cv-05865-PSG, Amended Order Granting-In-Part Motion for Leave To Take Limited Discovery Prior to Rule 26(f) Conference (Docket No. 16).

Case No.: 10-5864
ORDER

**United States District Court**
For the Northern District of California

1  subpoena and elects to charge for the costs of production shall provide a billing summary and cost

2  reports that serve as a basis for such billing summary and any costs claimed by the ISP.

3      IT IS FURTHER ORDERED that the ISP shall preserve all subpoenaed information

4  pending the ISP's delivering such information to New Sensations or the final resolution of a timely

5  filed and granted motion to quash the subpoena with respect to such information.

6      IT IS FURTHER ORDERED that any information disclosed to New Sensations in response

7  to a subpoena may be used by New Sensations solely for the purpose of protecting its rights under

8  the Copyright Act, 17 U.S.C. § 101 et seq.

9      IT IS FURTHER ORDERED that Does 2 through 1,768 are SEVERED from this action

10 and that the claims against Does 2 through 1,768 be reassigned to an Article III judge.  In view of

11 the misjoinder described above, the undersigned respectfully recommends that the claims against

12 Does 2 through 1,768 be dismissed without prejudice.  The undersigned further recommends that if

13 New Sensations can refile separate complaints against Does 2 through 1,768 within 20 days of this

14 order, such actions should be deemed a continuation of the original action for purposes of the

15 statute of limitations.[2]

16 **IT IS SO ORDERED.**

17 Dated:  May 31, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge

18

19

20

21

22

23

24

25

26

_____

27 [2] This court is ordering reassignment to an Article III judge because, absent the consent of all
parties, a Magistrate Judge does not have authority to make case-dispositive rulings.  *See, e.g.,*
28 *Tripati v. Rison*, 847 F.2d 548, 549 (9th Cir. 1988).

3

Case No.: 10-5864
ORDER

**United States District Court**
For the Northern District of California